JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
THOMAS R. GREEN (SBN 203480)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7314
    Facsimile:   (415) 436-6748
    Email:       thomas.green@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BEVERLY CHAN, <br><br> Plaintiff, <br><br> v. <br><br> ERIC K. SHINSEKI, Secretary, <br> Department of Veterans Affairs <br><br> Defendant. | CASE NO. C 09-01007 EDL <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT AND GENERAL RELEASE** |

      This Stipulation Regarding Settlement and General Release ("Agreement"), is entered into by and between Beverly Chan ("Plaintiff") and Eric Shinseki, Secretary of the Department of Veterans Affairs and the Department of Veterans Affairs (collectively "Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties."

      WHEREAS Plaintiff has filed an action in the United States District Court, Northern District of California, Docket No. C 09-01007 EDL entitled, *Beverly Chan v. Eric K. Shenseki, Secretary, Department of Veterans Affairs* ("Lawsuit");

      WHEREAS the Lawsuit followed Plaintiff filing related administrative claims, including the claims asserted in Merit Systems Protection Board ("MSPB") Case No. SF-0752-0800162-I-1 and the appeals that followed (collectively "Administrative Claims") (the Lawsuit

1   and Administrative Claims shall collectively be referred to as the "Actions"); and

2       WHEREAS Plaintiff and Defendant wish to avoid any further litigation and controversy
3   and to settle and compromise fully any and all claims and issues Plaintiff has raised, or either
4   party could have raised, arising out of Plaintiff's employment with Defendant, which have
5   transpired prior to the execution of this Agreement;

6       NOW, THEREFORE, in consideration of the mutual promises contained in this
7   Agreement, and other good and valuable consideration, receipt of which is hereby
8   acknowledged, the Parties agree as follows:

9       1. In full and final settlement of all claims in connection with the above-captioned
10  action, Defendant shall pay Plaintiff a total sum of Seven thousand ($7,000) dollars
11  ("Settlement Amount").  There shall be no withholding from this amount.  Defendant also
12  agrees to pay the mediator's fees in connection with the mediation conducted on October 15,
13  2009.  Plaintiff understands that the Settlement Amount payment will be reported to the
14  Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a
15  result of this payment is a matter solely between Plaintiff and the IRS.   The Defendant will
16  complete an electronic funds transfer of the sum of Seven Thousand dollars and no cents
17  ($7,000) to the client trust account for Felipe Parker, Esq.  Plaintiff's counsel agrees to provide
18  the Bank Account and Routing numbers for his client trust account to Defendant.  Plaintiff and
19  his attorney have been informed that payment of the Settlement Amount may take sixty (60)
20  days or more to process.

21      2. In consideration of the payment of the Settlement Amount and the other terms set
22  forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges
23  Defendant and any and all of their past and present officials, agents, employees, attorneys,
24  insurers, their successors and assigns, from any and all obligations, damages, liabilities,
25  actions, causes of actions, claims and demands, at law or in equity, asserted in the Actions or
26  otherwise arising from or related to her employment with Defendant, including claims arising
27  under the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

28      3. The parties agree that the Settlement Amount is in full satisfaction of all claims for

attorneys' fees and costs arising from work performed by Plaintiff's attorneys at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other MSPB or EEO administrative proceedings. Each side shall bear its own costs and fees.

4. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that she will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Plaintiff and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount.

5. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

6. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the Department of Veterans Affairs, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these Actions.

7. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

8. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

9. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations and preparations of this Agreement, and is fully aware

of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

11. This Agreement supercedes all prior agreement(s) and shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

12. Plaintiff acknowledges that she has up to twenty-one (21) calendar days from the date she receives this Agreement to review and consider this Agreement, discuss it with an attorney of his choice, and decide to sign it or not sign it, although she may accept or return it to Defendant's counsel at any time within those twenty-one (21) days. Plaintiff is advised to consult her attorney about the Agreement.

13. Once Plaintiff signs and dates this Agreement, she will have seven (7) days in which to revoke her acceptance. To revoke, Plaintiff must send a written statement of revocation, which should be mailed and faxed to:

> Coleen Welch
> VA Staff Attorney
> Department of Veterans Affairs
> VA Outpatient Clinic, Bldg. 778
> 103 Bodin Circle
> Travis AFB, CA 94535
> (707) 437-1907 (fax)

Plaintiff understands that if she revokes, this Agreement shall have no effect. If Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the

STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT AND GENERAL RELEASE
Case No. C-09-01007 (EDL)                             4

1 Effective Date") after the date Plaintiff signs and dates this Agreement.

2     14. This Agreement may be signed in counterparts.

4 SO AGREED.

6 Dated: February 18, 2010      By: _____
7      Coleen Welch
     VA Staff Attorney
8      Department of Veterans Affairs

10      JOSEPH P. RUSSONIELLO
     United States Attorney

11 Dated: February 5, 2010      By: /s/
12      Thomas R. Green
     Assistant United States Attorney
13      Attorney for the Federal Defendant

15 Dated: February 13, 2010      By: _____
     Beverly Chan, Plaintiff

17 APPROVED AS TO FORM AND NEGOTIATED BY:

19 Dated: February 17, 2010      By: _____
     Felipe Parker
20      Law Office of Felipe Parker
     Attorney for Plaintiff Beverly Chan

**[PROPOSED] ORDER**

Pursuant to the Parties' Stipulation Regarding Settlement And General Release, IT IS SO ORDERED.

Dated: __March 8, 2010__          _/s/ Elizabeth D. Laporte_
                                   ELIZABETH D. LAPORTE
                                   United States Magistrate Judge